# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TRIBUS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 4:23CV1066 HEA |
| | ) |
| OBI WALLI, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 16]. Defendant opposes the Motion. Also before the Court are Plaintiff's Motion to Stay, [Doc. No. 15], pending a ruling on the Motion to Remand, and Defendant Walli's Motion to Stay or Sever, [Doc. No. 7] . For the reasons set forth below, the motion to remand will be denied. The motions to stay will be denied, as moot. Plaintiff will be granted an extension of time to file its response to Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff filed this action in the Circuit Court of St. Charles County, Missouri. Originally, Plaintiff named Defendant Exclusive Lifestyles, Inc. ("ELI") as the sole defendant in a one count Petition action on a note. Plaintiff incorporated

the note into its petition. The note contains a mandatory forum selection clause which provides,

> Maker and Holder hereby agree to the exclusive jurisdiction of Missouri and waive any objection based on venue or forum non conveniens with respect to any action instituted on this note, and agree that any dispute concerning the relationship between maker and Holder or the conduct of any of them in connection with this note shall be heard only in the circuit court for St. Charles County, Missouri that any dispute regarding the relationship of the parties with regard to the note can only be filed in the courts of St. Charles County, Missouri.

Plaintiff subsequently filed an amended petition which named Defendant Walli as a defendant. The amended petition added a fraud count against Defendant Walli. Count I against Defendant ELI remained.

Plaintiff voluntarily dismissed Defendant ELI on July 27, 2023. Within thirty days of this dismissal, Defendant Walli filed his Notice of Removal. Defendant removed the action based on the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332.

## DISCUSSION

**Motion to Remand**

A defendant may remove an action from state court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441. For federal diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship, *i.e.*, "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d

2

342, 346 (8th Cir. 2007). Section 1332 also requires an amount in controversy in excess of $75,000.

Defendant argues this matter was not removable while ELI was a defendant because of the mandatory forum selection clause and the unanimity rule, which requires all defendants to consent to removal. Pursuant to 28 U.S.C. §1446(b)(2)(A), "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." See *Marano Enters. v. Z–Teca Rests.,* 254 F.3d 753, 754 n. 2 (8th Cir.2001)("Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded."); *Bradley v. Md. Cas. Co.*, 382 F.2d 415, 419 (8th Cir.1967) ("Where several defendants are jointly sued in a state court on a joint cause of action, the suit, as a general rule, may not be removed to federal court ... unless all the defendants join in the removal."); *Good v. Tyson Foods, Inc.*, No. 06-CV-1003-LRR, 2006 WL 515602, at *1 (N.D. Iowa Mar. 1, 2006).

While there appears to be no federal authority addressing this particular issue, the Court agrees with Defendant that the matter was not removable until ELI was dismissed. ELI could not consent to removal because of the mandatory forum selection clause. Although Plaintiff argues Defendant Walli is speculating that ELI would not have consented to removal, it is just as speculative to argue ELI would

have consented had it been asked. It appears more likely that ELI would not have consented since, according to the Amended Petition, it was bound by the forum selection clause. Plaintiff cannot use the clause as both a sword and a shield. Plaintiff filed its petition in St. Charles County in accordance with the clause. It cannot now argue that the clause would not have been adhered to by ELI with regard to removal.  Indeed, Plaintiff could use ELI's consent to removal against ELI as running afoul of the forum selection clause had it consented to removal. Considering all the relevant circumstances surrounding this removal, the Court concludes Walli could not have removed this matter until ELI was dismissed.

Pursuant to 28 U.S.C. § 1446 (b)(3),

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446 (b)(3). Defendant Walli had 30 days from July 27, 2023 to file his notice of removal. Defendant's notice, filed on August 24, 2023 was timely filed.

## Conclusion

Based upon the foregoing, the Court concludes Defendant's Notice of Removal was filed within 30 from the date the action became removable. The motion to remand, therefore, is not meritorious based on the facts of this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Doc. No. 16] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay [Doc. No. 15] is denied as moot. Plaintiff is given 10 days from the date of this Opinion to file an opposition to Defendant's Amended Motion to Dismiss.

**IT IS FURTHER ORDERED** that Defendant's Amended Motion to Stay or Sever, [Doc. No. 7], is denied as moot.

Dated this 11th day of March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE