UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRIBUS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23CV1066 HEA |
| | ) |
| OBIE WALLI, | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Amended Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim, [Doc. No 12]. Plaintiff opposes the Motion. For the reasons enumerated below, the Court finds that there is no personal jurisdiction over Defendant Walli. The Motion to Dismiss will therefore be granted.

## Facts and Background

Plaintiff filed this action in the Circuit Court of St. Charles County, Missouri. Originally, Plaintiff named Defendant Exclusive Lifestyles, Inc. ("ELI") as the sole defendant in a one count Petition action on a note. Plaintiff incorporated the note into its petition. The note contains a mandatory forum selection clause which required any action on the note be filed in the circuit court for St. Charles County, Missouri.

Plaintiff subsequently filed an amended petition which named Defendant Walli as a defendant. The amended petition added a fraud count against Defendant Walli. Count I against Defendant ELI remained.

Plaintiff voluntarily dismissed Defendant ELI on July 27, 2023. Within thirty days of this dismissal, Defendant Walli filed his Notice of Removal. Defendant removed the action based on the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332.

Defendant Walli now moves to dismiss the action pursuant to the Federal Rules of Civil Procedure based on lack of personal jurisdiction over him, (Rule 12(b)(2)) and for failure to state a claim (Rule 12(b)(6), claiming Plaintiff has failed to plead fraud with sufficient specificity under Rule 9(b)).  As discussed below, Plaintiff fails to establish the Court's jurisdiction over Defendant Walli.

**Legal Standard**

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead "sufficient facts to support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state." *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015); *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d

1070, 1072 (8th Cir. 2004)). "If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction." *Wells,* 607 F.3d at 528. "The evidentiary showing required at the prima facie stage is minimal." *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022) (quoting *Willnerd v. First Nat'l Neb., Inc.*, 558 F.3d 770, 778 (8th Cir. 2009)). "The plaintiff's showing 'must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto.' " *Id*. (quoting *Dever*, 380 F.3d at 1072). If the defendant challenges jurisdiction, the burden is on the plaintiff to present facts supporting jurisdiction. *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 475 (8th Cir. 2012). The court views the evidence in the light most favorable to the plaintiff and resolves factual conflicts in plaintiff's favor in determining whether plaintiff has made a prima facie showing of personal jurisdiction over the challenging defendant. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). The plaintiff's "prima facie showing" is tested by the pleadings as well as by the affidavits and exhibits, if any, submitted in connection with the motion. *Dever*, 380 F.3d at 1072.

The existence of personal jurisdiction depends on the long-arm statute of the forum state and the federal Due Process Clause." *Bros. & Sisters in Christ*, 42 F.4th at 951; accord *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 591

(8th Cir. 2001) ("Two prerequisites must be met to establish personal jurisdiction over a nonresident defendant. The forum state's long arm statute must be satisfied and the due process clause must not be violated.").

Missouri's long-arm statute "extends jurisdiction to the limits of the Due Process Clause" but "does so only for acts within its enumerated categories." *Dairy Farmers*, 702 F.3d at 475); accord *State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo. banc 1984) (holding that Missouri's long-arm statute "provide[s] for jurisdiction, within the specific categories enumerated in the statutes, to the full extent permitted by the due process clause of the Fourteenth Amendment"). Missouri's long-arm statute and due process inquiries "are separate." See *Dairy Farmers*, 702 F.3d at 475; accord *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 n.2 (8th Cir. 2011) (noting the Supreme Court of Missouri "analyze[s] the two questions separately"); *State ex rel. DKM Enters., LLC v. Lett*, 675 S.W.3d 687, 695 (Mo. Ct. App. 2023) (describing the "two-prong test"); *Ingham v. Johnson & Johnson*, 608 S.W.3d 663, 688 (Mo. Ct. App. 2020) (describing the "two-step analysis"). Thus, a court may determine that Missouri's long-arm statute allows for personal jurisdiction over a claim but that the Due Process Clause does not. See, e.g., *Bros. & Sisters in Christ*, 42 F.4th at 951 (finding plaintiff sufficiently alleged that defendant engaged in acts

4

covered by Missouri's long-arm statute but finding plaintiff failed to allege that defendant could reasonably anticipate being haled into court in Missouri).

## Discussion

Personal jurisdiction can be general or specific. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). General jurisdiction "refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Viasystems,* 646 F.3d at 593 (internal quotation marks omitted). Specific jurisdiction "refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state." *Id*. (internal quotation marks omitted).

Plaintiff relies on specific jurisdiction, arguing Defendant is within the reach of the Missouri long-arm statute by reason of Defendant's alleged commission of fraud within Missouri.

In relevant part, Missouri's long-arm statute authorizes jurisdiction over:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

…

    (3) The commission of a tortious act within this state;

...

5

> 3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Mo. Rev. Stat. § 506.500.

The Eighth Circuit has long recognized that Missouri construes the phrase "commission of a tortious act within this state" to "include extraterritorial acts producing actionable consequences in Missouri." *Fulton v. Chicago, Rock Island & P. R. Co.*, 481 F.2d 326, 331 (8th Cir. 1973); accord *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 910 (8th Cir. 2012). The Eighth Circuit has opined that "foreseeability is the standard to be applied" when evaluating whether jurisdiction is appropriate under Missouri's long-arm statute "over a tortious act occurring in another state with actionable consequences in Missouri." *Myers*, 689 F.3d at 911 (emphasis omitted). Because the Court finds it was foreseeable that Defendant's allegedly tortious acts in Pennsylvania would have actionable consequences in Missouri, jurisdiction is authorized under Missouri's long-arm statute over Defendant for Plaintiff's tort claims in this action. *Id*.; *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 232 (Mo. banc 2010) (" '[E]xtraterritorial acts that produce consequences in the state,' such as fraud, are subsumed under the tortious act section of the long-arm statute." (quoting *Longshore v. Norville*, 93 S.W.3d 746, 752 (Mo. Ct. App. 2002))).

6

Specific personal jurisdiction, however, can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute *and* permitted by the Due Process Clause of the Fourteenth Amendment. *Viasystems, Inc.*, 646 F.3d at 593 (emphasis added). Due process permits the exercise of specific personal jurisdiction over a non-resident defendant when three criteria are satisfied: "First, the defendant must have purposefully avail[ed] itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum State. Second, the plaintiff's claim must arise out of or relate to the defendant's forum conduct. Finally, the exercise of jurisdiction must be reasonable under the circumstances." *Bristol-Myers*, 137 S. Ct. at 1785–86. "Even if personal jurisdiction over [Defendants] is authorized by [Missouri's] long-arm statute, jurisdiction can be asserted only if it comports with the strictures of the Due Process Clause." *Viasystems,* 646 F.3d at 594 The Court "thus turn[s] to whether exercising jurisdiction over [Defendant] comports with the Due Process Clause." *Bros. & Sisters in Christ*, 42 F.4th at 951. "Critical to due process analysis is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Id*. (quoting *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021)).

"Personal jurisdiction must be determined on a claim-by-claim basis." *Vallone v. CJS Sols. Grp., LLC*, 9 F.4th 861, 865 (8th Cir. 2021)

7

In deciding whether specific jurisdiction exists over a defendant on a particular claim, the Eighth Circuit considers the totality of the circumstances and has long used five factors to guide the analysis: "(1) the nature and quality of [the defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Kendall Hunt*, 74 F.4th at 930 (quoting *Bros. & Sisters in Christ*, 42 F.4th at 952). The first three factors carry "the greatest weight." *Kendall Hunt*, 74 F.4th at 930.

Defendant's contacts with Missouri are virtually nonexistent. Defendant has never been to Missouri, has no property or office in Missouri. Defendant has had no contact with Missouri other than acting in his capacity as CFO of ELI. See *id*. at 931 (finding the defendants' contacts with forum were not such that it would reasonably have anticipated being haled into court there in action for copyright infringement, tortious interference with contract, and unfair competition). Perhaps for this reason, Plaintiff struggles to identify Defendant's contacts with Missouri that establish specific personal jurisdiction over him. Tellingly, in its effort to establish contacts with Missouri under the due process clause, Plaintiff sets out the substantive allegations of its fraud complaint but fails to connect any of the allegations with Defendant's contacts specifically with the state of Missouri. Likewise, Plaintiff points to the forum selection clause between itself and ELI,

8

however, the forum selection clause does nothing to establish Defendant Walli purposely availed himself of the privilege of conducting any business in Missouri. Indeed, the emails Walli sent from Pennsylvania could have easily been sent to any other state if Plaintiff was not a citizen of the state of Missouri.

The first three factors—the nature and quality of Defendants' contacts with Missouri, the quantity of such contacts, and the relation of Plaintiff's claims to those contacts—weigh against finding personal jurisdiction. See *Pederson v. Frost*, 951 F.3d 977, 980 (8th Cir. 2020) (finding first three contact-based factors weigh heavily against the exercise of personal jurisdiction in action for fraud and tortious interference with prospective economic advantage where defendants never visited forum, had any suit-related business there, or otherwise purposely availed themselves of the state's benefits and protections). The remaining two factors—Missouri's interest in providing a forum for its residents and the parties' convenience—do not tip the balance in Plaintiff's favor. See *Bros. & Sisters in Christ*, 42 F.4th at 953–54. While Missouri has an interest in this litigation because the allegedly injured Plaintiff is a Missouri company. *Id*.; see also *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 595 (8th Cir. 2011), but that interest does not outweigh the fact that Defendant has not directed his action *to* Missouri, rather, the alleged fraudulent conduct was directed to Plaintiff who happens to be in Missouri. The convenience of the parties is largely neutral. Plaintiff would likely

9

be inconvenienced in an alternate forum, and Defendants would be inconvenienced by litigation in Missouri.

In cases alleging intentional torts, courts consider an additional factor, the "effects test" set forth in *Calder v. Jones*, 465 U.S. 783 (1984). The effects test "allows the assertion of personal jurisdiction over non-resident defendants whose acts are performed for the very purpose of having their consequences felt in the forum state." *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010). Under that test,

> a defendant's tortious acts can serve as a source of personal jurisdiction only where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered—and which the defendant knew was likely to be suffered—[in the forum state].

*Kendall Hunt*, 74 F.4th at 931 (quoting *Bros. & Sisters in Christ*, 42 F.4th at 954 (alteration in original)). The Eighth Circuit uses the Calder test "merely as an additional factor to consider when evaluating a defendant's relevant contacts with the forum state." *Bros. & Sisters in Christ*, 42 F.4th at 954 (quoting *Johnson*, 614 F.3d at 796–97). It "construe[s] the test narrowly, meaning that 'absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction.'" Id.

The Calder test does not alter the assessment of Defendant's contacts with Missouri. While the "brunt of the harm" resulting from Defendant's intentional tort was felt by Plaintiff in Missouri, "an injury is jurisdictionally relevant only insofar

10

as it shows that the defendant has formed a contact with the forum State." *Walden*, 571 U.S. at 290. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id*. Plaintiff has not demonstrated how the alleged fraud was uniquely or expressly aimed at Missouri. Plaintiff has not established that Defendant specifically targeted Plaintiff because it is in Missouri. Calder provides no support for Plaintiff's.

For these reasons, the Court concludes that Plaintiff has failed to establish that Defendants could reasonably anticipate being haled into court in Missouri.

## Conclusion

In sum, the Court concludes that Plaintiff has shown that Missouri's long-arm statute authorizes jurisdiction over Plaintiff's tort claims against Defendant in this action, but the Due Process Clause prohibits a Missouri court from exercising personal jurisdiction over Plaintiff's claims against Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 12], is **GRANTED**.

An Order of Dismissal will be entered dismissing this action without

prejudice.

Dated this 29th day of March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE